UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LAFONCE EUGENE WALKER,<br><br>Plaintiff,<br><br>v.<br><br>CAROLYN W. COLVIN, ACTING COMMISSIONER OF SOCIAL SECURITY ADMINISTRATION,[1/]<br><br>Defendant. | Case No. ED CV 12-0727 JCG<br><br>**MEMORANDUM OPINION AND ORDER** |

LaFonce Eugene Walker ("Plaintiff") challenges the Social Security Commissioner's decision denying his application for disability benefits. Specifically, Plaintiff contends that the Administrative Law Judge ("ALJ") improperly rejected the opinion of Dr. Roger Tilton, the consultative examiner. (Joint Stip. at 5-10.) The Court agrees with Plaintiff for the reasons stated below.

    A.    <u>The ALJ Failed to Provide Specific and Legitimate Reasons for Rejecting Dr. Tilton's Examining Opinion</u>

An ALJ may reject the controverted opinion of an examining physician only

---

[1/] Carolyn W. Colvin is substituted as the proper defendant herein. *See* Fed. R. Civ. P. 25(d).

for "specific and legitimate reasons that are supported by substantial evidence." *Carmickle v. Comm'r, Soc. Sec. Admin.*, 533 F.3d 1155, 1164 (9th Cir. 2008) (quoting *Lester v. Chater*, 81 F.3d 821, 830-31 (9th Cir. 1995)).

Here, although the ALJ cited Dr. Tilton's opinion as "consistent" with his Residual Functional Capacity ("RFC") determination, the two differ in significant respects. (AR at 474.) For instance, Dr. Tilton, as part of his functional assessment, found that Plaintiff was "moderately limited" in both his abilities to "maintain regular attendance in the work place," and to "perform work activities without special or additional supervision." (AR at 526.) Neither of these restrictions, however, were incorporated into Plaintiff's RFC. (*See* AR at 464-65.)

And therein lies the error. By not adopting Dr. Tilton's recommended limitations, the ALJ implicitly rejected them. *Contildes v. Chater*, 225 F.3d 661 (9th Cir. 2000). To justify this, the ALJ needed to provide specific and legitimate reasons, and yet no discussion even touched upon these aspects of Dr. Tilton's opinion. (*See* AR at 460-79); *see also Carmickle*, 533 F.3d at 1164. Without anything more, the ALJ's decision does not pass muster.

Accordingly, for the reasons stated above, the Court determines that the ALJ improperly discredited Dr. Tilton's examining opinion.[2/] The Court thus concludes that the ALJ's decision is not supported by substantial evidence. *Mayes v. Massanari*, 276 F.3d 453, 458-59 (9th Cir. 2001).

B. <u>Remand is Warranted</u>

With error established, this Court has discretion to remand or reverse and award benefits. *McAllister v. Sullivan*, 888 F.2d 599, 603 (9th Cir. 1989). Where no

---

[2/] Plaintiff also argues that the ALJ erred by limiting him to "simple tasks," when Dr. Tilton actually found him restricted to "simpl[e] one or two [step] job instructions." (Joint Stip. at 6.) This very argument, however, has been plainly addressed – and rejected – by the Ninth Circuit. *See Stubbs-Danielson v. Astrue*, 539 F.3d 1169, 1174 (9th Cir. 2008).

useful purpose would be served by further proceedings, or where the record has been fully developed, it is appropriate to exercise this discretion to direct an immediate award of benefits. *See Benecke v. Barnhart*, 379 F.3d 587, 595-96 (9th Cir. 2004). But where there are outstanding issues that must be resolved before a determination can be made, or it is not clear from the record that the ALJ would be required to find plaintiff disabled if all the evidence were properly evaluated, remand is appropriate. *See id.* at 594.

Here, in light of the ALJ's error, the credibility of Dr. Tilton must be properly assessed. Therefore, on remand, the ALJ shall reevaluate his opinions and either credit them as true, or provide valid reasons for any portion that is rejected.

Based on the foregoing, IT IS ORDERED THAT judgment shall be entered **REVERSING** the decision of the Commissioner denying benefits and **REMANDING** the matter for further administrative action consistent with this decision.

Dated: July 24, 2013

_____
Hon. Jay C. Gandhi
United States Magistrate Judge